IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| VERONICA SANDOVAL,<br><br>             Plaintiff,<br><br>      vs.<br><br>JOHN PEDEN, in his individual and official capacities; MARK MONTGOMERY, in his individual and official capacities; and  THE CITY OF COZAD, a Nebraska Political Subdivision;<br><br>             Defendants. | **4:26CV3089**<br><br><br><br>**ORDER** |

This matter comes before the court on Defendants' Joint Motion to Designate Place of Trial. (Filing No. 15). Defendants jointly move to change the trial location from Lincoln, Nebraska to North Platte, Nebraska. Plaintiff opposes the motion and asks the court to hold it in abeyance pending the completion of discovery. For the reasons set forth below, the motion is denied without prejudice.

## I.      BACKGROUND

Plaintiff brings this action under 42 U.S.C. § 1983 against the City of Cozad, Nebraska, John Peden ("Peden"), a former Cozad police officer, and Mark Montgomery ("Montgomery"), now Dawson County Sheriff and formerly Chief of the Cozad Police Department. (Filing No. 1). The complaint alleges two Fourth Amendment violations arising from a single incident in April 2022. Plaintiff alleges that Peden responded to a domestic disturbance at her home, and after interviewing the father of her child outside the residence, arrested Plaintiff without probable cause. (Filing No. 1, at para. 18). The Dawson County Attorney's Office declined to file charges and Plaintiff was released the following

day. (Filing No. 1, at para. 19). The next day, Peden returned to Plaintiff's home while she was away, entered her residence without a warrant or consent, and opened closed doors. (Filing No. 1, at paras. 20-26). Peden was subsequently disciplined pursuant to a Nebraska Commission on Law Enforcement and Criminal Justice Decertification Attestation Letter for entering the residence without legal authority. (Filing No. 1, at para. 29). Plaintiff also alleges that Montgomery, as the final policymaker, acted with deliberate indifference to citizens' constitutional rights by retaining Peden on patrol duties despite repeated notice of a pattern of abusive conduct. (Filing No. 1, at paras. 7-16, 45-55).

This is the second federal civil rights action Plaintiff has filed arising from these events. Plaintiff first filed suit on May 2, 2022, naming the same defendants and alleging the same core constitutional violations at issue here. (*See Sandoval v. Peden*, Case No. 4:22-cv-3074). In that case, the defendants filed a motion to designate North Platte as the place of trial, which was granted on September 2, 2022. At that time, the court found that the individual litigants and all known witnesses resided near Cozad, that the Cozad Police Department would face significant operational hardship from a protracted trial in Lincoln, and that North Platte was the more convenient forum for the litigation as a whole. (*See* 4:22-cv-3074, at Filing No. 21). That case, however, did not proceed further. Plaintiff's counsel withdrew in October 2022 after losing contact with her client, and Plaintiff neither obtained new counsel nor filed a notice of intent to proceed *pro se* by the court-ordered deadline. (*See* 4:22-cv-3074, at Filing No. 25). The court subsequently dismissed the matter for want of prosecution. (*See* 4:22-cv-3074, at Filing No. 28, Filing No. 29).

Plaintiff commenced the present action on March 16, 2026, alleging the same constitutional violations, and naming Peden and Montgomery in their individual and official capacities, as well as the City of Cozad, a Nebraska political subdivision. (Filing No. 1). Relevant here, Plaintiff now requests that the trial take place in Lincoln. (Filing No. 1, at p. 15). The posture of this case differs from the prior action in two respects relevant to the place of trial. First, Plaintiff no longer resides in Cozad, having relocated to Lincoln in 2023. (Filing No. 21-2, at paras. 2-3). Second, the complaint identifies a potential category of witnesses associated with the Nebraska Commission of Law Enforcement and

Criminal Justice, which is located in Lincoln, in connection with the disciplinary proceedings against Peden. (Filing No. 1, at para. 29; Filing No. 22, at fn. 1).

Defendants now move to designate North Platte as the place of trial. (Filing No. 15). They argue that all of the alleged conduct occurred in Cozad, which is approximately 48 miles from North Platte and 179 miles from Lincoln and that trial in North Platte would keep those witnesses within the 100-mile subpoena compliance range under Fed. R. Civ. P. 45(c)(1). Nick Reynolds, the current Chief of the Cozad Police Department, attests that the department currently has 7 officers, that he and other officers anticipate being called to testify, that those witnesses live in or near Cozad, and that a multi-day trial in Lincoln would impose significant hardship on the department. (Filing No. 27-2).[1] Montgomery similarly attests that his duties as Sheriff require his presence in or near Dawson County, and that a Lincoln trial would severely hamper those obligations due to the travel time difference of at least four hours roundtrip compared to North Platte. (Filing No. 16; Filing No. 27-3). Plaintiff opposes the motion and requests the court hold the motion in abeyance pending the completion of discovery. She argues that the witness identities and locations are unknown at this stage and that the place of trial analysis cannot be meaningfully conducted until discovery is complete. (Filing No. 22).

## II.     ANALYSIS

The question before the court is whether, on the present record, Defendants have carried their burden of establishing that North Platte is the more convenient place of trial. *See Withers v. Ryder Truck Rental, Inc*., 2020 WL 2542576, at *1 (D. Neb. May 19, 2020) (The party seeking to change the place of trial bears the burden of establishing that the transfer should be granted). Under NECivR 40.1(b)(1), the court considers the convenience of the parties, lawyers, witnesses, other related matters, and the interests of justice. The convenience of litigants and witnesses is generally afforded greater weight than the

---

[1] Defendants filed a Motion to Amend the Index in support of the instant motion contemporaneously with their Reply Brief, which included the Affidavits of Reynolds and Montgomery. (Filing No. 26). Although NECivR 7.1(c) generally prohibits the submission of additional evidence with a reply brief absent leave of court, the court granted leave in this instance. The court considered the amended evidence and concludes that it does not alter the resolution of this motion.

convenience of counsel. *Sands v. Integrated Cardiology Grp., L.L.C.*, 2022 WL 1156358, at *1 (D. Neb. Apr. 19, 2022). Courts also look to related considerations including the location where the conduct complained of occurred, the ability to subpoena witnesses, and the accessibility of records and documents. *See Terra Int'l, Inc. v. Mississippi Chem. Corp.*, 119 F.3d 688, 696 (8th Cir. 1997).

Applying those factors here, the location of the alleged conduct and the subpoena range favor North Platte. The alleged conduct occurred in Cozad, Dawson County, Nebraska. (Filing No. 17-1, at Ex. 1-A, 1-B). Defendants' known witnesses reside in and around Dawson County, and trial in North Platte would keep those witnesses within the 100-mile subpoena compliance range under Fed. R. Civ. P. 45(c)(1). (Filing No. 15, at paras. 3-7). The convenience of the parties, however, does not independently favor either forum. Plaintiff now resides in Lincoln and attests that travel to North Platte would impose significant difficulty on her and her employment. (Filing No. 21-2). Each side's preference reflects its own location, and those interests offset each other.

The witness convenience factor, which carries the greatest weight in the analysis, cannot be fully resolved on the present record. Defendants have now submitted sworn testimony from Reynolds and Montgomery, who attest that they and other Cozad police officers anticipate being called at trial and they reside in or near Cozad, and that they have concerns regarding their respective law enforcement departments if multiple officers are called to testify. (Filing No. 27-2; Filing No. 27-3). The difficulty is that Plaintiff's *Monell* theory against the City and Montgomery will almost certainly draw on witnesses and records beyond those currently known at the Cozad Police Department. Those witnesses may include personnel from the Nebraska Commission on Law Enforcement and Criminal Justice in Lincoln, whose decertification proceedings against Peden form a central part of the complaint's factual allegations. (Filing No. 1, at para. 29; Filing No. 22, at fn.1). Peden also separately filed a motion to dismiss based on qualified immunity that remains pending, which has the potential to reshape the claims and the relevant witness pool. (Filing No. 11). Until those issues are resolved and discovery commences, the court cannot determine

4

whether the concentration of witnesses lies closer to North Platte or Lincoln. *See Einck v. J.B.*, 2025 WL 1865464, at *2 (D. Neb. July 7, 2025) (collecting cases).

Defendants note that this district's local rules contemplate early designation of the trial location, and that a prior motion on materially similar facts was granted at the pleading stage in the related litigation. *See Sandoval v. Peden*, No. 4:22-CV-3074, Filing No. 21. However, the factual record has shifted since the prior action. Plaintiff now resides in Lincoln rather than Cozad, and the complaint identifies potential Lincoln-area witnesses that were not present in the prior record.

Defendants also cite *In re Apple Inc.*, 979 F.3d 1332 (Fed. Cir. 2020) for the proposition that transfer motions should take top priority and be resolved before discovery begins. That case however arose on mandamus review of a motion to transfer to a different federal district entirely. The judicial economy concerns in *In re Apple* have no application in this context. Changing the location of trial within this district does not transfer the case to a different court. The same judge will preside regardless of whether trial takes place in Lincoln or North Platte, and no court will need to familiarize itself with the record from the beginning. The principle that early resolution is generally preferable is well taken, but it does not require the court to resolve this motion when the relevant factors cannot yet be meaningfully weighed. Based on the application of factors set forth in NECivR 40.1, Defendants have not carried their burden to establish that North Platte is the more convenient forum for the litigation as a whole. The court therefore denies the motion without prejudice to reassertion once witnesses are identified and discovery is underway.

Accordingly, IT IS ORDERED that Defendants' Joint Motion to Designate Place of Trial (Filing No. 15) is denied without prejudice to reassertion after further case progression.

Dated this 11th day of June, 2026.

BY THE COURT:

s/ Ryan C. Carson
United States Magistrate Judge

5